UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00303-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION**<br><br>(Doc. 4)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 4.) Because Plaintiff has more than three "strikes" under section 1915(g) and fails to show that he is under imminent danger of serious physical injury, the Court recommends that his motion be denied and that this action be dismissed.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed because they failed to state a claim on which relief can be granted[1]: (1) *Abreu v. Ayers, et al.*, No. 3:98-cv-03099-TEH, 1998 WL 544968 (N.D. Cal. Aug. 17, 1998); (2) *Abreu v. Tweed, et al.*, No. 3:98-cv-03605-TEH, 1998 WL 671347 (N.D. Cal. Sept. 28, 1998); (3) *Abreu v. Small*, No. 3:02-cv-00685-IEG-NLS (S.D. Cal. May 8, 2002)[2]; and (4) *Abreu v. Jaime, et al.*, No. 1:16-cv-00715-DAD-BAM (E.D. Cal. Jan. 22, 2018). These cases were dismissed before Plaintiff initiated the current action on March 2, 2021. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

In his complaint, Plaintiff alleges that the defendants have "kept … [him] hostage under the unconstitutional, illegal custody" of the California Department of Corrections and Rehabilitation. (Doc. 1 at 3.) Plaintiff seeks immediate release from custody and $14 million in compensatory and punitive damages.[3] (*Id.* at 6.) Plaintiff's allegations fail to show that he is in imminent danger of serious physical injury.[4]

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff failed to file an amended complaint after the court dismissed his original complaint for failure to state a claim. When a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). Furthermore, "[a] dismissal … for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

[3] Plaintiff may not seek "immediate … or speedier release from … imprisonment" in a section 1983 action; "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This provides an alternative ground on which to dismiss Plaintiff's complaint.

[4] Plaintiff also admits that he failed to exhaust his administrative remedies prior to filing suit. (Doc. 1 at 3, 4, 5.) This provides a third ground on which dismiss the complaint.

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2021**                              /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE