UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>            Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>            Defendants. | No. 1:21-cv-00303-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. Nos. 4, 8) |

Plaintiff Armando Abreu is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2021, the assigned magistrate judge filed findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 4) be denied and that this action be dismissed without prejudice on grounds that plaintiff has accrued more than three prior "strike" dismissals under 28 U.S.C. § 1915(g) and the allegations in his complaint failed to show that he is under imminent danger of serious physical injury.[1] (Doc. No. 8.) The

---

[1] The magistrate judge also pointed out that plaintiff had failed to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act, thereby providing an alternative ground for dismissing this action without prejudice. (Doc. No. 8 at 2.) The magistrate judge also notes that plaintiff seeks his immediate release from custody, which is relief that a prisoner may not seek in a § 1983 action. (*Id.*)

magistrate judge provided plaintiff fourteen (14) days to file objections to the findings and recommendations. (*Id.* at 3.) Plaintiff filed timely objections on March 16, 2021. (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Although he concedes that he has incurred three prior strike dismissals, plaintiff argues in his objections that the imminent danger exception applies here because he has not received a COVID-19 vaccine, though he previously contracted the virus and recovered from it. (Doc. No. 13 at 1–2.) However, the claims in plaintiff's complaint are not based on COVID-19 but instead on the allegation that he is being held "hostage under the unconstitutional, illegal custody" of the California Department of Corrections and Rehabilitation. (*Compare* Doc. No. 1 at 3, *with* Doc. No. 13 at 1–2.) Based on the allegations in his complaint, the court does not find that plaintiff was under imminent danger of serious physical injury at the time he initiated this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (imminent-danger "exception applies if the danger existed at the time the prisoner filed the complaint") (citations omitted). The imminent danger exception to § 1915(g) therefore does not apply here.

Accordingly,

1. The findings and recommendations issued on March 4, 2021 (Doc. No. 8), are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 4) is denied;
3. This action is dismissed without prejudice to refiling upon prepayment of the filing fee; and
4. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:  **April 9, 2021**                                   _____
                                                                                    UNITED STATES DISTRICT JUDGE

2